**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ELEAZAR YISRAEL,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:15-2123** |
| **v.** | : | **(JUDGE MANNION)** |
| **J. ALLEN NESBITT, *et al.*,** | : | |
| **Respondents** | : | |

**MEMORANDUM**

Petitioner, a pretrial detainee, housed in the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). The required filing fee has been paid. Petitioner challenges ongoing state criminal proceedings in the Court of Common Pleas for Luzerne County. Id. The petition has been given preliminary consideration and, for the reasons set forth below, will be dismissed without prejudice. See Rules Governing Section 2254 Cases, Rule 4.[1]

---

[1]Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the instant petition is governed by 28 U.S.C. §2241, the Court may apply the 28 U.S.C. §2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the § 2254 rules. See Rule 1(b) of the Rules (continued...)

## I. Background

### A. State Court Proceedings

The Court has reviewed the habeas petition and the state court dockets[2] in the Court of Common Pleas of Luzerne County and ascertained the following.

On September 3, 2015, Petitioner was arrested and charged by the Pennsylvania State Police with Make Repairs/Sell/Etc. Offensive Weapons and Use/Possession of Drug Paraphernalia. See Commonwealth v. Yisrael, CP–40–CR–4043–2015, Criminal Docket Sheet. On September 3, 2015, bail was set at $100,000.00. Id. On January 13, 2016, a Criminal Information was filed. Id.

On September 9, 2015, Petitioner was arrested and charged by the Pennsylvania State Police with Criminal Homicide; Robbery (inflict serious bodily injury); Burglary (overnight accommodation, person present); Tamper with/Fabricate Physical Evidence; and Abuse of Corpse. See Commonwealth v. Yisrael, CP–40–CR–3750–2015, Criminal Docket Sheet. On September 9,

---

[1](...continued)
Governing Section 2254 Cases.

[2]See Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at:
http:// ujsportal.pacourts.us/DocketSheets/CP.aspx.

2015, an Order was issued denying a motion to set bail. Id. On November 30, 2015, a Criminal Information was filed. Id. Petitioner was formally arraigned on December 1, 2015 and a pre-trial conference is scheduled for April 4, 2016. Id.

**B. Habeas Petition**

On November 5, 2015, Petitioner filed the instant action in which he states that "every contact with any and each agency and agent, from the first conversation with Shawn Williams, to any following contact with any law enforcement official, each was notified (and read) of [Petitioner's] Sovereign Authority and Reservation of Rights before any action occurred on their part." (Doc. 1, petition). He further claims that "being that an issue of an arrest warrant was given after an illegal search and seizure, and as a direct result of the invasion of [his] home, the arrest warrant was issued" and he was "forced under extreme threat, duress and coercion into loss of [his] personal liberty, as well as threats directed to family and friends, for at the moment of [his] arrest [he] was at [his] brother's significant other's home sleeping, as several law enforcement officers, namely James Surmick, forced entry by threat into her home to arrest and imprison [Petitioner]." Id. Finally, Petitioner states that he was "denied dismissal of all charges even though it was clear [he] was not present when the crime occurred, [his] DNA was never on any

weapon, victim, clothing, etc. or fingerprints" and "all test exempt [him] from anything to do with this crime, yet [he] was still imprisoned." Id.

For relief, Petitioner seeks "immediate release, full dismissal of all charges, full/maximum compensation for number of days imprisoned and detained, full compensation for each incident [he] was forced to be subjected to involving court proceedings, reimbursement of loss of investments and/or fund Children's College & Community Campus Project for 13 years or pay its equivalent which is 7.2 million over the course of 3 years in thirds, reimburse or employ contractors for damage done to address of 33 W. 10th St. home, furnish a protection from abuse against Pennsylvania State Police in its totality." Id.

## II. DISCUSSION

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir.1982). In Younger v. Harris, 401 U.S. 37 (1971), the United

States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir.2005) (discussing Younger, 401 U.S. 37 (1971)). Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir.1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id.

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989).

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ... other unusual circumstance that would call for equitable relief." Younger, 401 U.S. at 46, 53–54. The exceptions are to be narrowly construed. Hall v. Pennsylvania, 2012 WL 5987142, *2

(M.D.Pa.2012) (citing Loftus v. Township of Lawrence Park, 764 F.Supp. 354, 357 (W.D.Pa.1991)).

In the present matter, it is clear that all three Younger criteria are met. First, there is an ongoing state criminal prosecution of Petitioner regarding which his request for relief would interfere. Second, the state proceedings implicate the important state interest of enforcing its criminal laws. To the extent that Petitioner is seeking to dismiss the charges for insufficiency of the evidence, these proceedings clearly implicate important state interests. Third, Petitioner has an opportunity to raise his claims in his state criminal proceedings.

Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

This Court may assume that the state procedures will afford an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir.1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans, 959 F.2d at 1234.

It is clear that Petitioner's claims concerning his ongoing criminal

proceedings satisfy the requirements of abstention and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. See, e.g., Everette v. Warden of Dauphin County, 2010 WL 1485722 (M.D.Pa.2010) (holding that the Younger elements were met regarding the petitioner's contention that his speedy trial rights were being violated by the state criminal court).

## III. CONCLUSION

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED** without prejudice, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** February 3, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2123-01.wpd